UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **STACEY K. SHARPE**,<br>  11802 Capstan Drive<br>  Upper Marlboro, Md 20011,<br><br>       Plaintiff,<br><br>       v.<br><br>**SHEILA C. BAIR**<br>  Chairman, Federal Deposit<br>  Insurance Corporation,<br>  550 17th Street, N.W.<br>  Washington, D.C. 20429,<br><br>       Defendant. | :<br>:<br>:<br>:<br>:<br>:  Civil Action No._____<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT
### (Employment Discrimination)

Introduction

1.  Plaintiff Stacey K. Sharpe brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  Sharpe contends that her managers at the Federal Deposit Insurance Corporation (FDIC), Office of the Inspector General (OIG) Legal Counsel's Office (OC), discriminated against based on her race (African-American), when they forced her from her paralegal position in the FDIC's Office of Inspector General Legal Counsel's by claiming that there was insufficient work for her and then replacing her with a higher paid white employee.

## Jurisdiction

2.  This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-1 *et seq*. Plaintiff has exhausted her administrative remedies by filing a timely administrative complaint of discrimination. FDIC rendered a final agency decision rejecting plaintiff's complaint on July 14, 2006, and this decision was subsequently served on plaintiff some time after that date. This complaint is timely in that it is being filed within 90 days of the date of the final agency decision on plaintiff's administrative complaint of discrimination.

## Venue

3.  Pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), venue is proper in this judicial district as plaintiff was employed by the FDIC OIG, within the District of Columbia at the time of the acts that give rise to the claims that are the subject of the law suit.

## Parties

4.  Stacey K. Sharpe is an African-American, female citizen of the United States and of the state of Maryland. She began working for the Office of Counsel to the OIG of the FDIC as a Paralegal Specialist, GC-950, in 1998.

5.  Defendant Sheila C. Bair is the Chairman of the Federal Deposit Insurance Corporation ("FDIC"), an independent corporation within the Executive Branch of the government of the United States. The FDIC has more than 500 employees during each of the last 20 weeks. It is managed by a five-member board of directors appointed by the President and confirmed by the Senate. As chairman of the FDIC, Ms. Bair is the head of the FDIC and is

responsible for the personnel actions, omissions and practices thereof. Ms. Bair is here sued only in her official capacity as head of the FDIC.

Statement of Facts

6.      Plaintiff holds a Bachelor of Art's Degree in Journalism from the University of the District Columbia and a second undergraduate degree in Paralegal Studies from the University of Maryland. She has also completed two semesters of law school at the University of the District of Columbia School of Law. She is currently working on obtaining her Master's Degree in Management, with a concentration in Human Resources, from University of Maryland University College.

7.      In 1998, Ms. Sharpe began working for the Office of the Legal Counsel ("OLC") to the OIG as a Paralegal Specialist, GC-950, at the GS-7 grade level. The OLC is currently comprised of only white attorneys and an African-American assistant, and for at least 15 years prior had only employed white attorneys in its office. When Ms. Sharpe joined the OLC as a paralegal, she was the first African-American to hold a professional series job there. Although Ms. Sharpe sought professional development in the legal area while at the OLC and was considered a good employee, because she is an African American she was thwarted in her attempts for career advancement. At the time of her departure from the OLC, Ms. Sharpe was working at the Grade 11 level.

8.      In May of 2000, Fred Gibson the legal counsel to the FDIC's Inspector General, hired Adriana Vosburg, a white female, as a full-time summer law clerk in the OLC. In September 2001, Mr. Gibson later hired Ms. Vosburg as a full-time contractor for the OLC in the capacity of a law clerk. In 2004, Mr. Gibson had Ms. Vosburg placed in a permanent position as

an attorney in OLC.

9. In November of 2001, after Ms. Vosburg worked as a contractor for three months, a vacancy announcement was conveniently posted for a Grade 13 Law Clerk/Attorney position, for which Ms. Vosburg was selected without an interview. Ms. Vosburg, like Ms. Sharpe, was supervised by Mr. Gibson and received the majority of her assignments from him. During the 2003-2004 time period, Mr. Gibson began assigning to Ms. Vosburg the type of projects that Ms. Sharpe had previously performed. Mr. Gibson also took ongoing projects from Ms. Sharpe and reassigned them to Ms. Vosburg.

10. Sometime prior to the summer of 2004, Mr. Gibson informed the FDIC Human Resources (HR) office that he considered Ms. Sharpe's OLC position surplus, and that it could be abolished. Then, in July or August of 2004, Mr. Gibson told Ms. Sharpe that there was a position available in OIG's HR office as an Human Resources Specialist in HR, and suggested she move to that job. Ms. Sharpe learned that the position in HR was an employee benefits job, an area that was not relevant to her legal background and in which she had no experience or interest. About a week after Ms. Sharpe rejected the voluntary reassignment to this HR position, Mr. Gibson threatened Ms. Sharpe by telling her that her paralegal position would be considered surplus in any future FDIC OIG reduction in force (RIF) and that she would face loss of her job because she would not have any bump or retreat rights in a RIF. Under threat of impending unemployment, Ms. Sharpe reconsidered taking the HR position. However, because she was not qualified to hold such a position, she did not accept voluntary transfer to that position.

11. Despite her express statements in October 2004, to Mr. Gibson that she did not want the benefits position in Human Resources, and the fact that she was not qualified for that

position, Ms. Sharpe was involuntarily reassigned to the HR Branch in OIG as a Human Resources Specialist (Benefits).

12. Ms. Sharpe's position was never formally declared surplus by the FDIC OIG and it was never subject to abolishment in a RIF. Moreover, she was never given the same opportunity to take a buyout which had been accorded to white employees whose jobs were declared surplus.

13. Less than two weeks after Ms. Sharpe's involuntary reassignment out of OIG's OLC because there was allegedly not enough work in OLC, on November 1, 2004, Mr. Gibson requested that a permanent GS-13 attorney position be advertised for the OLC. A vacancy was posted for this position on November 11, 2004, and Ms. Vosburg was selected for and placed in this permanent Grade 13 position doing virtually the same work that Ms. Sharpe had been doing as a paralegal at the GS-11 grade level.

14. The entire directed reassignment of plaintiff was a ruse to make room for another white person in OLC at the expense of an African American.

## STATEMENT OF CLAIMS

15. By shifting plaintiff's duties to a white employee who was paid more than plaintiff for the same work and then involuntarily transferring plaintiff to a position for which she was not qualified and in which she had no interest, defendant has discriminated against plaintiff on the basis of her race in violation of Title VII of the Civil Rights Act, as amended.

16. As a result of this act of unlawful race discrimination in employment practices, plaintiff has suffered and continues to suffer a loss of pay, severe curtailment of career opportunities, and personal and professional humiliation.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays that this Court enter judgment in her favor and against defendant on the claim brought herein and provide her with the following relief:

(a) award plaintiff compensatory damages against defendant in the amount of $300,000, plus interest thereon;

(b) order defendant to restore plaintiff to her paralegal position in OIG or elsewhere within FDIC;

(c) order defendant to retroactively award plaintiff bonuses and awards for the period November 1, 2004, through the present, based on "Outstanding" performance ratings, plus interest thereon;

(d) enjoin defendant from discriminating or retaliating against plaintiff in the future;

(e) award plaintiff the costs of bringing and maintaining this civil action and the administrative charge that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k); and

(f) award plaintiff such other and further relief as the interests of justice may require.

<u>Jury Demand</u>

Plaintiff hereby requests a jury trial on all issues of fact and damages.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar # 961326
SWICK & SHAPIRO, P.C.
1225 EYE STREET, N.W.
Suite 1290
Washington, D.C. 20005
Tel. (202) 842-0300
Fax (202) 842-1418
dhshapiro@swickandshapiro.com

Attorneys for Plaintiff

## **VERIFICATION**

I hereby verify, under pain and penalty of perjury, that the factual allegations set forth it the foregoing Complaint are true and correct to the best of my knowledge, information, belief and recollection.

_____                                    _____
Date                                                                                STACEY K. SHARPE

CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS

Stacey K. Sharpe

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David H. Shapiro, SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W., Suite 1290
Washington, D.C. 20005    (202)842-0300

## DEFENDANTS

Sheila Bair, Chairman,
Federal Deposit Insurance Corporation

CASE NUMBER   1:06CV01743

JUDGE: Reggie B. Walton

DECK TYPE: Employment Discrimination

DATE STAMP: 10/12/2006

**JURY ACTION**

## II BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZEN
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
- ☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other)   OR   ☐ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

(3)

| ☐ G. *Habeas Corpus/2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☑ H. *Employment Discrimination*<br><br>☑ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

V. ORIGIN
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§ 2000e et seq., and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a

VII. REQUESTED IN COMPLAINT    CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 300,000 + fees + backpay & other remedies    Check YES only if demanded in complaint    JURY DEMAND: ☑ YES  ☐ NO

VIII. RELATED CASE(S) IF ANY    (See instruction)    ☐ YES  ☑ NO    If yes, please complete related case form.

DATE 10/12/06   SIGNATURE OF ATTORNEY OF RECORD _____ Attorney for Plaintiff

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.