## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STACEY K. SHARPE,<br><br><br><br>Plaintiff,<br><br>v.<br><br>SHEILA C. BAIR<br>Chairman, Federal Deposit<br>Insurance Corporation<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 06-1743 (RBW)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Sheila C. Bair, Chairman, Federal Deposit Insurance Corporation, hereby answers Plaintiff's Complaint in this case.

### FIRST DEFENSE

Defendant responds to the unnumbered and the numbered paragraphs as follows:

### INTRODUCTION

1. This paragraph is a characterization of this action to which no answer is required.

### JURISDICTION

2. This paragraph contains Plaintiff's characterization of jurisdiction to which no answer is required.

### VENUE

3. Admitted

### PARTIES

4. Admitted

5. With regard to the first sentence, the identity of the Chairman of the Federal Deposit Insurance Corporation (FDIC) is admitted. The remaining assertions of fact in the first sentence are denied. The FDIC is defined by statute as a "Government Corporation", see, 12 U.S.C. § 1811; 5 U.S.C. § 103, and "an Executive Agency of the United States". 5 U.S.C. § 104. The remaining sentences in paragraph five are admitted.

## STATEMENT OF FACTS

6. With regard to the first sentence of paragraph it is admitted that Plaintiff holds a Bachelor's Degree in Journalism from the University of the District of Columbia. Defendant is without sufficient knowledge or information to respond to the remaining assertion in sentence one. Defendant is without sufficient knowledge or information to respond to Plaintiff's assertion in the second sentence. Defendant admits the third sentence in paragraph six.

7. The first sentence is admitted. With regard to the second sentence, the Counsel's Office currently consists of three white male attorneys, one Hispanic female attorney and one African American female Legal Assistant. The Office of the Inspector General (OIG) was created in 1989. Between 1989 and the fall of 2001, only Caucasian attorneys were employed in the OIG. A female Hispanic attorney was appointed to the OIG in the fall of 2001. The third sentence is admitted. The fourth sentence is denied. The fifth sentence is admitted.

8. The first sentence is denied, except that Adriana Rojas Vosburg, a Hispanic female was appointed as a grade 7, Student Intern (Law Clerk) on May 22, 2000. She was hired by the Counsel to the IG, Patricia M. Black. The second sentence is denied. The third sentence is denied, except that on July 24, 2004, Adriana Vosburg's civil service appointment was converted from a term limited, excepted service, CG-905-11 General Attorney appointment to an unlimited excepted service, CG-905-11, General Attorney appointment upon the recommendation of the

2

Counsel to the Inspector General, Fred Gibson.

9. With regard to the first sentence, in October 2001, a vacancy announcement for a grade 9/11 Law Clerk/Attorney position was released. Adriana Vosburg applied for, and was selected, for this position without an interview. The second sentence is admitted. The remaining sentences in this paragraph are denied.

10. The first sentence is denied. The first half of the second sentence is admitted. In the second half of the second sentence, Defendant denies that Mr. Gibson suggested that Plaintiff move to the Human Resources (HR) job. With regard to the third sentence, Defendant admits that the HR position in question was primarily concerned with employee benefits. The Defendant is without sufficient knowledge or information to respond to the remainder of the assertions in the third sentence. The fourth sentence is denied. The fifth sentence is denied as to any threats. Defendant is without sufficient knowledge or information to respond to Plaintiff's additional allegations in the fifth sentence. With regard to the sixth sentence, Defendant admits that Plaintiff was not technically qualified for a grade 11 HR Specialist position and that Plaintiff did not voluntarily transfer to HR Department.

11-12. Admitted.

13. With regard to the first sentence, defendant admits that Mr. Gibson requested that a vacancy announcement soliciting applicants for a CG-905-13 Attorney position be released and that on November 4, 2004, Vacancy Announcement No. 2004-OIG-2694 was released soliciting such applications. With regard to the second sentence, the Vacancy Announcement described directly above was released on November 4, 2004 and Adriana Vosburg was selected for the advertised position. All the other facts asserted in the second sentence are denied.

3

14. Denied.

## IV. STATEMENT OF CLAIMS

15-16. Denied.

## PRAYER FOR RELIEF

These paragraphs contain Plaintiff's prayer for relief to which no answer is necessary, but insofar as an answer is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested herein or to any relief whatsoever.

## JURY DEMAND

This paragraph contains Plaintiff's request for jury trial to which no answer is necessary.

Defendant hereby specifically denies all of the allegations of the Complaint not herein before otherwise answered.

Defendant further avers that any compensatory damages award on account of Plaintiff's Title VII claims is limited by 42 U.S.C § 1981 a(b)(3)(D).

Having fully answered, Defendant respectfully requests that this action be dismissed with prejudice and that Defendant be granted its costs and other such relief as this Court deems appropriate.

4

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
Assistant United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

WYNEVA JOHNSON, DC Bar #278515
Assistant United States Attorney
Judiciary Center Bldg.
555 4th Street, N.W., Civil Division
Washington, D.C. 20530
(202) 514-7224


OF COUNSEL:
Michael S. Cosgrove
Associate Counsel to the Inspector General
Federal Deposit Insurance Corporation

5