IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STACEY K. SHARPE,<br><br>   Plaintiff,<br><br> v.<br><br>SHEILA C. BAIR<br>Chairman, Federal Deposit<br>Insurance Corporation<br><br>   Defendant. | Civil Action No. 06-1743 (RBW) |

**JOINT REPORT OF LOCAL RULE 16.3 CONFERENCE**

Pursuant to LCvR 16.3, the parties hereby report to the court that counsel for the parties have conferred. As a consequence, the parties hereby report to the Court as follows:

1. <u>Plaintiff</u>:

This is a race discrimination case brought by an African American paralegal who alleges that she was given a directed reassignment out of her career field to make room for a white female.

  <u>Defendant</u>:

Pursuant to the United States Office of Personal Management's internal placement provisions, the Plaintiff was transferred from a grade 11 paralegal position in the Federal Deposit Insurance Corporation, Office of the Inspector General Legal Counsel's Office to a grade 11 Human Resources specialist (Benefits) position in Office of the Inspector General (OIG) Human Resources Branch on October 1, 2004. Both the grade 11 paralegal position and the grade 11

Human Resources specialist position in OIG Human Resources Branch were full performance level positions.

Prior to October 1, 2004, the Plaintiff had expressed an interest in personnel work, had taken government training in personnel law and was pursuing, largely at defendant's expense, a graduate degree concentrating on human resources management. The Plaintiff had expressed an interest in transferring to the OIG Human Resources Branch if she could be assigned to work on employee relations matters. The Plaintiff reiterated her interest in transferring to OIG Human Resources Branch if she could be assigned to work on employee relations matters, in writing, on August 24, 2004.

Despite being transferred to a position without known promotion potential on October 1, 2004, the Plaintiff was promoted to a grade 12 Human Resources Specialist due to accretion of duties, on December 11, 2005, approximately 14 months after her transfer to the OIG Human Resources Branch. The Plaintiff did not suffer a change in grade, a change in any benefits or a loss of any pay as a result of her transfer. Her grade, benefits and pay remained the same. Thus, defendant denies that plaintiff was discriminated against on the basis of race (African American) when she was transferred from her position as a Paralegal Specialist Grade 11 in the F.D.I.C's Office of the Inspector General Legal Counsel's Office to a Grade 11 Human Resources Specialist (Benefits) in the Office of the Inspector General's Human Resources Office.

2. <u>Case Scheduling</u>: There are no pending motions. However, defendant believes that all of the claims in this case may be resolved through a dispositive motion; plaintiff disagrees.

3. <u>Joinder/Amendment/Narrowing</u>: The parties do not anticipate the need to join third parties. Neither party believes that the legal or factual issues can be narrowed at this time.

4. <u>Assignment To Magistrate Judge</u>: Defendant does not consent to assignment of this

case to a magistrate judge except for settlement discussions; plaintiff would consent to assignment to a magistrate judge.

    5. <u>Settlement Possibility</u>:  The parties do not see a realistic possibility of settlement at this time. Defendant believes that such discussions, if any, would be more appropriate after the completion of discovery in this case.

    6. <u>Alternative Dispute Procedures</u>: At this time, the parties do not believe that the case could benefit from the Court's ADR process.  The parties will inform the Court if it appears that mediation might be useful later in this process.

    7. <u>Dispositive Motions</u>:  Defendant believes that all of plaintiff's claims can be resolved by a dispositive motion. The parties agree that the deadline for dispositive motions should be 45 days after the close of discovery, with oppositions due 30 days after service of the dispositive motion and reply briefs due 11 days after service of opposition.

    8. <u>Initial Disclosures</u>: The parties agree that initial disclosures will be due within 60 days of the Court's scheduling order.

    9. <u>Discovery</u>:  The parties agree that discovery should close 120 days after the date of the scheduling conference, with the presumptive limits of the local rules imposed upon the number of depositions and interrogatories.

    10. <u>Experts</u>:  The parties agree that plaintiff's Rule 26(a)(2) report be served 60 days before the close of discovery with defendant's report to be served 30 days thereafter.  Expert depositions may be taken outside the discovery period.

    11. <u>Class Action Procedures</u>:  Not applicable.

    12. <u>Bifurcation of Discovery or Trial</u>:  The parties do not see any need for bifurcation.

13. <u>Proposed Date For The Pretrial Conference</u>:  The parties agree that the Court should not set the date for the pretrial conference at this time.

14. <u>Trial Date</u>:  The parties agree that the Court should not schedule a firm trial date at the scheduling conference.

15. <u>Other Matters</u>:  None.


Respectfully submitted,


| /s/ | /s/ |
|---|---|
| David H. Shapiro | JEFFREY A. TAYLOR, D.C. BAR # 498610 |
| D.C. Bar No. 961326 | United States Attorney |
| Sarah L. Riger | |
| D.C. Bar No. 486591 | /s/ |
| SWICK & SHAPIRO, P.C. | RUDOLPH CONTRERAS, D.C. Bar #434122 |
| 1225 Eye Street, NW | Assistant United States Attorney |
| Suite 1290 | |
| Washington, DC 20005-3914 | /s/ |
| | WYNEVA JOHNSON, D.C. Bar #278515 |
| | Assistant United States Attorney |
| | Judiciary Center |
| | 555 4th Street, N.W. |
| | Civil Division |
| | Washington, D.C.  20530 |
| | (202) 514-7224 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **STACEY K. SHARPE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1743 (RBW) |
| | ) | |
| **SHEILA C. BAIR** | ) | |
| **Chairman, Federal Deposit** | ) | |
| **Insurance Corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |

**SCHEDULING ORDER**

UPON CONSIDERATION OF the parties' Local Civ. R. 16.3 statement, the Court enters the following scheduling order:

1. Discovery will close on _____.

2. Plaintiff's 26(a)(2) report will be due on _____. Defendant's 26(a)(2) report will be due _____.

3. Dispositive motions must be filed by _____. Oppositions are due _____ and reply briefs are due _____.

4. Initial disclosures will be due on _____.

SO ORDERED THIS \_\_\_\_\_ day of _____, 2007.

_____
UNITED STATES DISTRICT JUDGE

cc:

| **Attorney for Defendant** | **Attorneys for Plaintiff** |
|---|---|
| WYNEVA JOHNSON | DAVID H. SHAPIRO |
| Assistant United States Attorney | SARAH L. RIGER |
| Judiciary Center Building | SWICK & SHAPIRO, P.C. |
| 555 4th Street, N.W., 10-810 | 1225 Eye Street, N.W. |
| Washington, D.C. 20530 | Suite 1290 |
| | Washington, DC 20005 |