**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE**

| | |
|---|---|
| STACEY K. SHARPE,<br>Complainant,<br><br>v.<br><br>MARTIN GRUENBERG,<br>Chairman, Federal Deposit Insurance<br>Corporation,<br>    Agency. | EEOC NUMBER:<br>100-2005-00927X<br><br>AGENCY No:<br>FDICEO-050002<br><br>DATE: March 28, 2004 |

### Affidavit of Trina F. Petty

    I am currently employed as the CM-201-1 Personnel Director for the Office of Inspector General (OIG) of the FDIC. My official title is Director of Human Resources, Human Resources Branch, Office of Management and Congressional Relations. I have been employed in my current position since joining the OIG on May 10, 1999.

    The OIG personnel office consists of me, three Human Resources Specialists, and a Program Analyst. The Human Resources Specialists are responsible for processing all personnel actions which affect OIG employees.

    As the FDIC OIG is a relatively small organization I am usually familiar with the facts underlying the personnel actions processed by my office. I am familiar with the personnel actions that are at issue in this EEO complaint.

    Each subordinate office or organization within the OIG has an authorized staff level. The authorized staff level of each OIG subordinate office is established by the Inspector General. The authorized staff level of each subordinate office is not established by Congress in an appropriation or other enactment. The authorized staff level changes from time to time at the discretion of the Inspector General.

    In 2001 and 2002, the authorized staff level for OIG Counsel's Office was seven. Sometime in 2003, after Patricia Black became the Deputy IG and Fred Gibson was

made OIG Counsel, the authorized staff level for OIG Counsel's Office was reduced to six.

Ms. Adrian Vosburg is one of the attorneys employed in the OIG Counsel's Office. Beginning in the summer between her second and third year of law school, and continuing through her taking the bar exam, Ms. Vosburg was employed by the OIG Office of Counsel as a Student Intern (Law Clerk). As a Student Intern (Law Clerk), Ms. Vosburg did not count against the Office of Counsel's authorized staff level.

After taking the bar exam, Ms. Vosburg was, on November 4, 2001, appointed as an excepted service, CG-904/905-9/11 Law Clerk/Attorney with a not-to-exceed (NTE) date of November 5, 2002. Ms. Vosburg was selected under a competitive vacancy announcement. Ms. Vosburg's NTE date was eligible for extension for a period not-to-exceed four years. Upon passing the bar and being admitted to practice, Ms. Vosburg was promoted to a CG-905-11, Attorney.

Upon being appointed to an excepted service, CG- 904/905-9/11 Law Clerk/Attorney on November 4, 2001, Ms. Vosburg counted against the authorized staff level of the OIG Counsel's Office. On the date of Ms. Vosburg's appointment, the total authorized staff level of the OIG Counsel's Office was seven. The seven authorized staff positions were filled by the Counsel, Patricia Black, the Deputy Counsel, Fred Gibson, Associate Counsels Michael Cosgrove and Christian Gieseler, Law Clerk Adriana Vosburg, Paralegal Stacey Sharpe and Legal Assistant Theresa Fewell.

Between Ms. Vosburg's initial appointment in November 2001 and July 2004, Ms. Vosburg's initial NTE one year appointment was extended for a full four year term and Ms. Vosburg was promoted to CG-905-12. In July 2004, Ms. Vosburg's term, excepted service appointment was converted to a regular excepted service appointment.

On October 17, 2004 Stacey Sharpe was reassigned from a CG-950-11 Paralegal position in the OIG Counsel's Office to a CG-201-11 Human Resources Specialist position in my office. Her former CG-950-11 Paralegal position in the OIG Counsel's Office was abolished and the authorized staff level of the OIG Counsel's office was reduced by one position to a total of five.

I have been advised that Ms. Sharpe alleges in her EEO complaint that she was reassigned from the OIG Counsel's Office to my office so that the authorized position she filled in the OIG Counsel's Office could be used to provide an authorized position for Ms. Vosburg after her conversion to an excepted service appointment in July 2004. Ms. Sharpe alleges that if she had not been reassigned to Human Resources Ms. Vosburg could not have been converted to an excepted appointment. Ms. Sharp's allegations are false.

At the time of Ms. Vosburg's conversion to an excepted service appointment in July 2004 the total authorized staff of the OIG Counsel's Office was six. These six authorized staff positions were filled by the Counsel, Fred Gibson, Associate Counsels

2

Michael Cosgrove, Christian Gieseler and Adriana Vosburg, Paralegal Stacey Sharpe and Legal Assistant Theresa Fewell. Ms. Vosburg's conversion from a term appointment to an excepted service appointment had no effect on the number of authorized staff positions in the OIG Counsel's Office. Ms. Vosburg has continuously filled an authorized staff position in the OIG Counsel's office from her appointment on November 4, 2001 through the present.

Likewise, Ms. Sharpe continuously filled an authorized staff position in the OIG Counsel's Office from the date of her hiring by that office in April 1998 through the date of her reassignment, October 17, 2004.

In the OIG, authorized staff positions are authorized staff positions. They exist or don't exist; they are filled or vacant. If doesn't make a difference if the position is filled with an employee in the competitive service or excepted service; part-time or full time; or temporary, term or permanent employee.

_____
Trina F. Petty

Sworn to and subscribed before me on March 28, 2006 in Arlington, Virginia:

_____
Valerie V. Toyer
Special Agent

A person authorized to administer oaths by the Inspector General Act, 5 U.S.C. App. 3

3