# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## WASHINGTON FIELD OFFICE

| | |
|---|---|
| STACEY K. SHARPE,<br>Complainant,<br><br>v.<br><br>MARTIN GRUENBERG,<br>Chairman, Federal Deposit Insurance<br>  Corporation,<br>    Agency. | EEOC NUMBER:<br>100-2005-00927X<br><br>AGENCY No:<br>FDICEO-050002<br><br>DATE: February 3, 2006 |

### Agency Response to Complainant's Discovery Requests

### Interrogatories

**1. Identify each of the following individuals: (a) Adriana Vosburg; (b) Fred Gibson; (c) Patricia Black; (d) Gaston Gianni; (e) Trina Petty; and (f) Rex Simmons.**

Adriana Rojas Vosburg – Ms. Vosburg is a CG-905-14, Associate Counsel to the Inspector General. Her phone number is 202-416-2589. Her fax number is 202-416-2906. Her e-mail address is avosburg@fdic.gov. Her mailing address is FDIC OIG, 801 17th Street, NW, Room 801-1029, Washington, DC, 20434.

Frederick W. Gibson – Mr. Gibson is the EM, Counsel to the Inspector General. His phone number is 202-416-2917. His fax number is 202-416-2906. His e-mail address is fgibson@fdic.gov. His mailing address is FDIC OIG, 801 17th Street, NW, Room 801-1022, Washington, DC, 20434.

Patricia M. Black – Ms. Black is the EM, Deputy Inspector General and, currently, the Acting Inspector General. Her phone number is 202-416-2474. Her fax number is 202-416-2906. Her e-mail address is pblack@fdic.gov. Her mailing address is FDIC OIG, 801 17th Street, NW, Room 801-1025, Washington, DC, 20434.

Trina Petty – Ms. Petty is the CM-0201-01, Director of Human Resources, Office of Inspector General. Her phone number is 202-416-2049. Her fax number is 202-416-

2906. Her e-mail address is tpetty@fdic.gov. Her mailing address is FDIC OIG, 801 17th Street, NW, Room 801-906, Washington, DC, 20434.

Rex A. Simmons – Mr. Simmons is an EM, Assistant Inspector General. His fax number is 202-416-2906. His e-mail address is rsimmons@fdic.gov. His mailing address is FDIC OIG, 801 17th Street, NW, Room 801-912, Washington, DC, 20434.

Gaston Gianni was the ES IV, Inspector General of the FDIC until his retirement on December 31, 2004. Mr. Gianni can be reached by mail at 3816 Mulberry Point Court, Dumfries, VA, 22020. His phone number is 703-670-6433.

**2.    Identify each document that contains a discussion of obtaining an FTE (*i.e.*, funded permanent position or pay slot) into which Adriana Vosburg could be placed.**

None

**3.    Identify each document that contains a discussion of transferring and/or reassigning Complainant from her position as a Paralegal Specialist position in the Office of Counsel to the Inspector General into a position in the Human Resources branch of the Office of Inspector General as a Human Resources Specialist with an assignment to employee benefits.**

The only documents of which the Agency is aware that discuss transferring or reassigning the Complainant to Human Resources Branch have been compiled in the Report of Investigation into FDIC EO 0500002 or are those contained in the copy of the Complainant's OPF that is being released herewith.

**4. Describe in detail the personnel action(s) that resulted the Office of Inspector General directing Complainant's transfer or reassignment from the CG-11 Paralegal Specialist position in the Office of Counsel to the Inspector General into a CG-11 Human Resources Specialist job in the Human Resources branch of the Office of Inspector General, with an assignment to the employee benefits area, which was made effective on October 17, 2004. In doing so: (a) identify the official(s) recommended directed that transfer or reassignment; (b) identify the official made that transfer or reassignment; (c) identify any official who approved that transfer or reassignment; (d) identify each person, if any, who was considered for this transfer or reassignment as opposed to or other than Complainant, and with regard to each such person, (i) state his/her qualifications to do employee benefits work, (ii) identify each such person who recommended him/her for this transfer or reassignment, (iii) describe in detail the reason why Complainant was transferred or reassigned rather than him/her; (e) identify each document related to the personnel action(s) that resulted in Complainant's being transferred or reassigned.**

The Complainant was reassigned from a full-performance grade 11 position as a paralegal in the OIG's Office of Counsel to a full-performance grade 11 position as a human relations specialist in the OIG Human Resources Office.

a – Deputy Inspector General Patricia M. Black

b - Deputy Inspector General Patricia M. Black

c - Deputy Inspector General Patricia M. Black

d – No one

e – See no. 3 above

**5.   Describe in detail the training provided to Complainant in order for her to fully perform her job in the employee benefits field once she was a Human Resources Specialist in the Human Resources branch of the Office of Inspector General.**

The Complainant's training is described in the attached Employee Training Report. In addition, Complainant has received on-the-job training from her supervisors and co-workers in HRB as is required.

**6.   Identify each document that contains a career development plan for Complainant as a Human Resources Specialist in the Human Resources branch of the Office of Inspector General.**

Complainant's Career Development Plan is attached.

**7.   Describe in detail the reasons why a desk audit had to be conducted in order to place Complainant into a CG-12 as a Human Resources Specialist working in the area of staffing in the Human Resources branch of the Office of Inspector General. In doing so: (a) identify the official(s) who, prior to the results of the desk audit, recommended Complainant be promoted to a CG-12 level in the staffing job, (b) identify the official(s) who, prior to the results of the desk audit, recommended Complainant not be promoted to the CG-12 level in the staffing job; (c) identify the official(s) who opposed obtaining a desk audit to determine Complainant's proper grade level in the staffing job; (d) identify each document containing the results of a desk audit to determine Complainant's proper grade level in the staffing job; (e) identify each document containing any reasons not to conduct a desk audit to determine Complainant's proper grade level in the staffing job; (f) identify each document containing the results of a desk audit to determine Complainant's proper grade level in the staffing job.**

The Agency objects to this interrogatory as the information it seeks is irrelevant to the issues in this case and is not likely to lead to the discovery of relevant information.

Answering further, however, the Agency notes that Complainant was employed in a full performance level, grade 11, position. To the Agency's knowledge, the only way that the Complainant could be promoted beyond the full performance level is by competing for a higher graded vacancy or as a result of the Agency's changing the classification/grade of a position after completing a desk audit.

a – Trina Petty

b – None

c – None

d – See the attached desk audit report

e – None

f - See the attached desk audit report

**8.    Describe in detail any and all personnel actions associated with placing Adriana Vosburg in a permanent position in the office of Counsel to the Inspector General at the FDIC in 2004, and identify each FDIC official who either recommended or approved any such personnel action.**

Effective July 25, 2004 Ms. Vosburg was appointed to the excepted service. The action was recommended by Fred Gibson, Counsel to the Inspector General, and approved by Trina Petty the OIG personnel officer.

**9. Identify each person the Agency may call as witness at the hearing before an EEOC administrative judge in the instant EEO complaint; and as to each such person, describe his/her expected hearing testimony and identify each document the agency intends to utilize in his/her hearing testimony.**

The Agency notes that discovery in this case continues and that the Commission has not required either party to submit a proposed witness list. Reserving the right to make changes when required to submit a proposed witness list to the Commission, the Agency may wish to request Patricia Black, Fred Gibson, Theresa Fewell, Adriana Vosburg, Trina Petty and Rex Simmons as witnesses, all of who can be expected to testify in a manner consistent with their affidavits contained in the Report of Investigation.

In addition, the Agency may seek the testimony of Christian Gieseler, CG-905-15, Associate Counsel to the Inspector General. His telephone number is (202) 416-4008. His fax number is 202-416-2906. His e-mail address is cgieseler@fdic.gov. His mailing address is FDIC OIG, 801 17th Street, NW, Room 801-1027, Washington, DC, 20434. Mr. Gieseler will testify about the number and complexity of FOIA/PA requests that

4

existed at the time the Complainant was hired as a paralegal by the OIG, the assistance provided to him by the Complainant and the decline in the number and complexity of FOIA/PA requests between 1998 and 2004.

**10. Identify each document the Agency intends to offer or anticipates offering into evidence or into the record at the hearing before and EEOC administrative judge in the instant EEO complaint.**

The Agency has not yet identified any documents not already contained in the Report of Investigation that it intends to offer into evidence at any hearing on this complaint. The Agency reserves the right to identify such documents by the time the Commission calls for the exchange of lists of proposed witnesses and exhibits.

**11. Describe the procedure that the FDIC would have followed if it had decided to terminate Ms. Sharpe's employment because of a Reduction in Force (RIF) and/or lack of duties.**

The Agency objects to this interrogatory as is calls for speculation (that the Agency might have invoked RIF procedures in a way that adversely affected the Complainant) upon speculation (that the adverse consequence of such an invocation might have resulted in Complainant's removal from service.) Moreover, the information sought is irrelevant to the issues in the instant complaint and is unlikely to lead to the discovery of admissible evidence.

Answering further, the Agency's RIF procedures are described in the FDIC Reduction in for Force Policy that is released with this response. See also, 5 C.F.R. § 351.

**12. Describe how Ms. Sharpe's duties were reassigned following her transfer.**

To the extent that it was Ms. Sharpe's duty to maintain a database of legal opinions issued by the Office of Counsel, such duty was transferred to Theresa Fewell, the Office of Counsel's Legal Assistant. Any duties that Ms. Sharpe might have been expected to perform with regard to FOIA/Privacy act or ad hoc legal research are performed by the attorneys assigned to the matters in question. Please note that Ms. Fewell might be asked to retrieve a specific case or other piece of identified information from an electronic or FDIC source.

To the extent that it was Ms. Sharpe's duty to identify and compile news items for Inspector General Gianni, that duty is no longer performed.

**13. Describe any RIF's the FDIC has engaged in from 2000 until present including reference to dates, numbers, position descriptions, and locations.**

To the extent that this interrogatory requests information regarding the FDIC rather than the FDIC OIG, the Agency objects. The FDIC and FDIC OIG are separate personnel authorities for RIF purposes. Consequently, the FDIC's use of RIF procedures would

have no effect on the FDIC OIG and vice versa. FDIC and FDIC OIG employees are not in the same competitive area even if located in the same commuting area and are not members of the same competitive levels even if they occupy the positions of the same grade and series. FDIC employees released from their competitive level in a RIF cannot bump or retreat into an OIG position. OIG employees released from their competitive level in a RIF cannot bump or retreat into an FDIC position. Consequently information regarding FDIC RIF's is not relevant to the issues in the instant complaint and is not reasonably calculated to lead to the discovery of admissible information.

Answering further, information regarding reductions in force conducted by the OIG will be provided under separate cover.

## Document Requests

**1. Complainant's official personnel folder (OPF).**

See attached.

**2. The report on the outcome of the audit done to determine the proper grade for Complainant as a Human Resource Specialist doing staffing work in the Human Resources branch of the Office of Inspector General.**

See attached.

**3. All personnel actions associated with Complainant's transfer or reassignment to the Human Resources branch of the Office of Inspector General for the Office of Counsel to Inspector General.**

See attached.

**4. All personnel actions and other documents associated with Adriana Vosburg being placed in a permanent position in the Office of Counsel to the Inspector General.**

See attached.

**5. Adriana Vosburg's Official Personnel Folder (OPF).**

See attached.

**6. Adriana Vosburg's resume or c.v.**

None, except those otherwise contained in her OPF.

**7. Each document that the Agency intends to offer or anticipates offering into evidence or into the record at the hearing before an EEOC administrative judge in the instant EEO complaint.**

The Agency has not yet identified any documents not already contained in the Report of Investigation that it intends to offer into evidence at any hearing on this complaint. The Agency reserves the right to identify such documents by the time the Commission calls for the exchange of lists of proposed witnesses and exhibits.

**8. Any documents relating to or regarding Ms. Sharpe's duties at the time of her reassignment, her duties for a three year period prior to her reassignment, and how her duties were reassigned after her transfer.**

Objections or answers to this request for production will be provided under separate cover.

**9. All documents reflecting rules, regulations or policies pertaining to the procedure the FDIC would have followed if Ms. Sharpe was terminated due to a reduction in force (RIF).**

See attached, FDIC RIF Policy. See also, 5 C.F.R. § 351.

Respectfully submitted,

*[signature]*

Michael S. Cosgrove
Associate Counsel to the Inspector
  General and Agency Representative