## AFFIDAVIT

District of Columbia                                    }

I Stacey K. Sharpe hereby affirm under the penalty of perjury and make this statement.

My name is Stacey K. Sharpe; I am an African-American woman, employed as a Human Resources Specialist (Benefits), CG-201-11, in the Human Resources Branch, Office of Management and Congressional Relations (OMCR), Office of Inspector General (OIG), Federal Deposit Insurance Corporation (FDIC), Washington, D.C. I have been working in my current position since October 18, 2004, and have been employed by the FDIC, OIG since April 1998.

Currently, my first-line supervisor is Trina Petty, Human Resources Director, and my second-line line supervisor is Rex Simons, Assistant Inspector General, OMCR, OIG, FDIC. I began working for both of my current supervisors on October 18, 2004.

When my claim at issue in this discrimination complaint arose, Fred Gibson, Counsel to the Inspector General, was my first line supervisor, and Patricia Black, Deputy Inspector General, was my second-line supervisor. Ms. Black was initially involved in my hiring within OIG. I was placed in the position of Paralegal Specialist, CG-0950-7, by Ms. Black and Lawrence Froehlich (my then first line supervisor) in April 1998. The two of them also approved my promotion to a grade CG-9 the following year. In 2000, Ms. Black and Mr. Gibson approved my promotion to CG-11, which is the full performance level for this position.

As a Paralegal Specialist, CG-0950-11, I conducted legal research, drafted memoranda, processed Freedom of Information Act and Privacy Act requests; prepared briefs on EEO related cases; and commented on policies. I have a B.S. in Paralegal Studies and previously worked as a Legal Technician, where I assisted Paralegals in research and drafting legal memoranda. I am knowledgeable of some case law and court proceedings. I am able to interpret and summarize the law, work as a team member, and assist more than one attorney with different projects.

As a Human Resources Specialist (Benefits), CG-201-11, I function at the full performance level of this job. I assess Human Resources reports, research issues related to federal and FDIC benefits and respond to FDIC OIG employees in writing and orally regarding their benefits. To perform these functions I am knowledgeable of U.S. Office of Personnel Management regulations and policies as they relate to federal benefits, and FDIC personnel policies and regulations related to unique FDIC benefits. Because I provide customer service, I possess customer service skills. I had to become familiar with some general Human Resources functions and certain laws pertaining to benefits. I am still working on a career development plan, with a list of Human Resources development courses that need to be completed in order to perform my current job duties. I must also learn different Human Resources systems. My current position has only a slight relationship to my educational training. I am, however, enrolled in a grade program at UMUC with a major in management and with a concentration in human resources management.

I did not want to leave the paralegal field, but was forced to do so. This is how it happened. Sometime in late September 2004, Ms. Black called me into her office and gave me a copy of a memorandum addressed to me, which directed that I be reassigned to the Human Resources Branch. The memo stated there was a decrease in the paralegal work load that I was doing, so there was no need for a Paralegal in OIG. When Ms. Black gave me the memo reassigning me, I asked her what would happen if I declined the offer. Ms. Black responded that I would not have a job and would be terminated from federal service if I did not take the directed reassignment out of the paralegal field.

Prior to my directed reassignment, Mr. Gibson approached me three or four times to discuss a voluntary reassignment and offer me a position in the Human Resources Branch, as a Human Resources Specialist (Benefits) -- the job I was later forced to take. As a result, in August 2004, about a month before receiving my directed reassignment, I sent a memo to Ms. Petty and Mr.

Page 2 of 4                                                        Affiant's Initials _____

Gibson stating I did not feel qualified for that position, that it did not match my skill set, and declining to take the position involuntarily.

When I sent the memo to Ms. Petty and Mr. Gibson in August 2004, I was aware that a position of Employee Relations Specialist was vacant in OIG, and I stated in that same memo to them that I wanted to be placed in that position, because it more closely matched my skill set. Mr. Gibson rejected that suggestion. He came to my office and asked me to reconsider my rejection of the benefits job offer. The Employee Relations position was posted one or two months before I was asked if I wanted to work in Human Resources. To date, the Employee Relations position has not been filled because a staffing and recruiting position is still being occupied. I do not know if the employees relations position will ever get filled.

Also, prior to my directed reassignment, I met with Ms. Petty, and we talked about the offer made to me, and based on that conversation she stated that she did not feel I was qualified for the position of Human Resources Specialist (Benefits). She told me that I would require a lot of educational training, which resulted in my now developing a career development plan.

I do not know what the FDIC policy on directed reassignment was at the time of my being reassigned to the benefits job. In fact, that was the first time I had seen a directed reassignment given to anyone.

At the time of my suffering the directed reassignment, I was the only Paralegal in the Office of Counsel to the Inspector General. Since that time, I believe a newly hired Attorney, Adriana Vosburg, a White woman, and maybe the Legal Assistant, Theresa Fewell, an African-American are performing the duties of the Paralegal Specialist job I had encumbered. Ms. Vosburg, was a temporary Law Clerk with FDIC OIG for a few years who was just hired by the OIG in July 2004 as an attorney after passing the Bar examination. Ms. Fewell is an incumbent, and is not skilled as a Paralegal. At one point I had been a Legal Technician before becoming a Paralegal. The full-time

equivalency ("FTE") position I occupied as a Paralegal was used to place Ms. Vosburg into a permanent position in the OIG.

Mr. Gibson told me the paralegal work would be split between Ms. Fewell and Ms. Vosburg. I have now learned that Ms. Fewell has started Paralegal training. At one point, a temp was hired to assist the Office of Counsel, but I do not know in what capacity, though I believe this person is also assisting in the Paralegal duties I once performed (and which I was told were no longer in existence).

I have been humiliated personally and professionally by the directed reassignment and have had to attend a lot of training just to get up to speed on the different laws and regulations affecting federal benefits. I am out of my career field, and I did not want to be in benefits. I would have accepted a position in employee relations or staffing, which is more related to my skill set as a paralegal and is of interests to me. My current job is not something that interests me. I believe I was reassigned because FDIC OIG wanted to make room -- get an FTE -- for Ms. Vosburg, a white woman.

I have read the forgoing statement consisting of 4 page(s), each of which I have initialed, and it is true and complete to the best of my knowledge and belief. Any corrections I have made have my initials next to the correction. This statement is made of my free will, without any threat, promise of immunity, or inducement. I understand that the information I have given is not considered confidential and that it may be shown to the interested parties.

*Stacey L. Sharpe*

Subscribed and sworn before me at __Upper Marlboro, MD__

on this __23rd__ day of __April__, 2005

**FDIC**
**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500                 Office of Diversity and Economic Opportunity

---

## NOTICE OF RIGHTS OF WITNESSES
## IN
## EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1. To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2. To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3. To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4. To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5. To review your affidavit and make corrections or other changes prior to signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _Stacey K. Sharpe_ DATE: _4/11/05_

# PRIVACY ACT NOTICE TO COMPLAINANT
# FOR EMPLOYMENT DISCRIMINATION COMPLAINT INTERVIEW

## GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

## AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, Section 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

## PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the complaint of discrimination in the delivery of federally assisted or federally conducted programs or services. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the complaint of discrimination. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to **FDIC** activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

## EFFECTS OF NONDISCLOSURE

Disclosure of the information sought is voluntary. However, failure to furnish the information will result in your complaint being returned without action and being recommended for cancellation for failure to prosecute.

_____
Signature of Interviewer

_____
Signature of Complainant

Date: 4/11/05

Place: Washington, D.C.