## AFFIDAVIT

District of Columbia

**I, Trina F. Petty, hereby affirm under the penalty of perjury and make this statement.**

My name is Trina F. Petty; I am African American, employed as Director of Human Resources, CM-201-1, Office of Inspector General (OIG), Office of Management and Congressional Relations (OMCR), Human Resources Branch (HRB), Washington, D.C. I have been employed in my present position and for the FDIC since May 1999.

My current first line supervisor is Rex Simmons, Deputy Assistant Inspector General for Management and Congressional Relations; and my second line supervisor is Patricia Black, Acting Inspector General, OIG, FDIC. I have worked for both since May 1999.

I knew the Complainant because she worked in the Office of Counsel to the Inspector General (OCIG), and that office works with the HRB quite frequently. I knew of some work the Complainant had done for our office, and also as a customer of the HRB, when she obtained information on benefits. While the Complainant worked in the OCIG, I had no organizational relationship with her. The OCIG worked with the HRB on different personnel issues (including FOIA request issues), and that would be the only relationship I had with the Complainant, but there was nothing in terms of a reporting relationship in a chain of command. I was aware of the Complainant's race by looking at her, and we also maintain race and national origin data used for various reports in this office.

My only involvement with the Complainant's directed reassignment was that I was advised that a directed reassignment was going to be given to her. Ms. Black, who was then-Deputy Inspector General informed her she was going to be given a directed reassignment. Fred Gibson and I were informed by Ms. Black of her intent to initiate the directed reassignment. Because of my human resources role, I advised Ms. Black as to what needed to be in the directed reassignment letter.

The current duties and responsibilities of the Complainant involve providing customer advisory services to a group of assigned employees in the OIG, on benefits, including retirement counseling, federal and FDIC benefits, any information the employee may need to know in the benefits area. Gloria Hill provides these services for the other assigned group of employees. The Complainant has also taken on responsibility for administering the training and development classes for the OIG employees by registering them for different training classes. She is doing a great job in picking up a new assignment area. Both this position and that of the Paralegal Specialist have a full performance level of CG-11.

At the time of the reassignment I did not know the Complainant was enrolled in a graduate program through the University of Maryland University College, but learned of this after looking at documents she provided me and in a conversation we had about UMUC after she started working in HRB. Since then, I feel that her education is assisting her in the performance of duties in the HRB. Prior to knowing this, I believed that the Complainant's experience had nothing to do with her being placed in this office. Her education would not have qualified her for the CG-11 or anything higher in human resources.

The decision to reassign the Complainant was made by Ms. Black. Mr. Gibson had previously stated that there was not enough paralegal work for her to do in the OCIG. But he did not initiate the directed reassignment. So prior to the directed reassignment, the Complainant was offered an opportunity to come to the HRB and work, and she was told that the Paralegal Specialist position would not be filled when it became vacant.

Between September 23, 2004 and November 30, 2004, there were no other positions in the HRB for which the Complainant would have been qualified. At one point I had a CG-14 vacancy that was advertised because I anticipated another employee leaving, but the Complainant did not qualify for that position. I did not know the Complainant claimed there was another vacant position in the HRB during the time she was being reassigned, because there was no other position for which she could have qualified.

I was aware the Complainant claimed she was not qualified for the position of Human Resources Specialist (Benefits) prior to her being reassigned to the HRB. However, the Complainant's position was going to be labeled as surplus in the OCIG, because there was not enough work for a full time paralegal.

Prior to the Complainant's directed reassignment I raised some concerns that she was not qualified for the position of Human Resources Specialist (Benefits). My concerns were that the Complainant had not worked in Human Resources, and had no experience in this area, let alone in benefits. I asked the Complainant to show me something regarding her experience in addition to her education. In response the Complainant provided me a résumé that reflected her work experience in addition to classes she had taken. However, the document did not reflect any qualifying work

Page 3 of 5                                                Affiant's Initials _____

experience. There was not enough training to qualify the Complainant at the CG-11 level. After I knew I could not qualify the Complainant based on training and experience, we used the In-Service Placement provisions provided by the Office of Personnel Management (OPM).

These provisions allow an employee to be reassigned at the current grade level and train them during a certain period of time for their new position, so long as there is no positive education requirement for the position. A positive education requirement means the person must have a degree for the position. The position of Human Resources Specialist does not have a positive education requirement. An example of a positive education requirement is for an Auditor or an Attorney because these positions need to have a specific degree.

I asked for a delay in physically placing the Complainant in the HRB, because I had a contractor here doing benefits and other human resources work, and at that time the contractor was leaving at the end of the month, and I did not have a place for her to sit. The reassignment was not delayed, we made it effective, and the Complainant worked from her location in the OCIG.

There are no written policies in place regarding directed reassignment. However, in talking to the Corporation we use the OPM policies on reassignments, which we followed in this process. The Complainant was not reassigned because of her race.

I do not know how the duties and responsibilities the Complainant previously performed in the OCIG are being performed. To my understanding there was no full-time work, so the Complainant may have been performing some paralegal work, and

Page 4 of 5                                                          Affiant's Initials _____

whatever she was performing has been absorbed by the other staff. I do not know exactly who is doing what because they have Attorneys and a Legal Technician in the OCIG.

Ms. Stacey is doing a great job since being reassignment to HRB. She has taken several training classes related to benefits and is very customer-service oriented. She has been willing to take on new assignments and is an asset to the Branch. I have no further testimony to provide.

I have read the forgoing statement consisting of 5 page(s), each of which I have initialed, and it is true and complete to the best of my knowledge and belief. Any corrections I have made have my initials next to the correction. This statement is made of my free will, without any threat, promise of immunity, or inducement. I understand that the information I have given is not considered confidential and that it may be shown to the interested parties.

_____
Trina F. Petty

Subscribed and sworn before me at Washington, D.C.
on this 19th day of May, 2005

_____
Craig A. Brieske, Investigator
US Investigations Services



**Federal Deposit Insurance Corporation**
3501 N. Fairfax Drive (Room 801-1231), Arlington, VA 22226-3500      Office of Diversity and Economic Opportunity

## NOTICE OF RIGHTS OF WITNESSES
## IN
## EEO INVESTIGATIONS

Pursuant to the provisions at 29 C.F.R. §1614.108, federal agencies are required to investigate all aspects of discrimination complaints. The investigation shall include a thorough review of the circumstances under which the alleged discrimination occurred, and the treatment of members of the complainant's protected group(s) as compared with the treatment of other employees in the organizational segment in which the complaint arose.

All employees having any knowledge of the matter complained of are required to cooperate with the investigator who is conducting the investigation. The investigator is authorized to administer oaths and require that statements of witnesses be reduced to an affidavit. The witness must swear to or affirm to the truth of the statements before the investigator or a third party, without a pledge of confidentiality. The investigator is also authorized to obtain copies of relevant employment records, policy statements, and regulations.

As a witness, you have the following rights:

1. To be provided a Notice of Authorization that identifies the investigator and explains the investigator's authority and responsibility in the conducting the investigation.

2. To have a representative present at any meeting/discussion with the investigator. The representative can advise you on how to respond to the investigator, but cannot respond for you.

3. To receive sufficient information concerning the claim(s) and basis(es) of the complaint and circumstances under which the complaint arose in order for you to accurately respond to the questions posed by the investigator.

4. To be provided access to documents you previously prepared or had access to, if they are necessary for you to review in order to respond to questions posed by the investigator.

5. To review your affidavit and make corrections or other changes prior to signing the affidavit.

I HAVE READ AND UNDERSTAND MY RIGHTS AS A WITNESS IN EEO INVESTIGATIONS.

WITNESS: _____     DATE: 5/10/2005

Case 1:06-cv-01743-RBW　Document 11-26　Filed 11/30/2007　Page 7 of 7

# PRIVACY ACT NOTICE TO COMPLAINANT INTERVIEW WITNESSES
## (OTHER THAN COMPLAINANT)
## FOR EMPLOYMENT DISCRIMINATION COMPLAINT INVESTIGATIONS

### GENERAL

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

### AUTHORITY

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, Section 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1614; Title 5, United States Code, Sections 1303 and 1304; Title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

### PURPOSES AND USES

The information you supply will be used along with data developed to resolve or otherwise determine the merits of the complaint of discrimination in the delivery of federally assisted or federally conducted programs or services. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve or otherwise determine the merits of the complaint of discrimination. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to FDIC activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

### EFFECTS OF NONDISCLOSURE

Disclosure of the information sought is voluntary; however, failure on the part of FDIC employees to furnish the information will result in a direction by the head of the agency, or his/her designated representative, to produce or provide such information as is available. Failure to provide the information at that time may result in the initiation of disciplinary proceedings against you, up to and including termination. Applicants in such cases may be refused employment.

Disclosure of information by present or prospective Government contractors is also voluntary, although failure to furnish the above requested information where the contract so provides may result in administrative sanctions, including disqualification to enter into a contract or termination of an existing contract.

_____          _____
Signature of Interviewer            Signature of Witness (person providing statement)

Date: 5/10/2005

Place: FDIC OIG
801 17th St. N.W.
Washington, DC